1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **EASTERN DISTRICT OF CALIFORNIA**

10

11 MAX M. DE VIVO,                                          **Case No. 1:15-cv-01332-EPG**

12                Plaintiff,                                **FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT**

13        v.

14 COMMISSIONER OF SOCIAL SECURITY,

15                Defendant.

16

17        This matter is before the Court on Plaintiff's complaint for judicial review of an

18 unfavorable decision of the Commissioner of the Social Security Administration regarding his

19 application for disability insurance benefits. The parties have consented to entry of final judgment

20 by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal

21 to the Court of Appeals for the Ninth Circuit. (ECF Nos. 10, 11.)

22        At the hearing on February 28, 2017, the Court heard from the parties and, having

23 reviewed the record, administrative transcript, the briefs of the parties, and the applicable law,

24 finds as follows:

25        For the reasons announced by the Court on the record at the conclusion of the parties' oral

26 argument on February 28, 2017, the Court finds that the decision of the Commissioner of Social

27 Security should be reversed and the case should be remanded for further proceedings. The

28 Administrative Law Judge found Plaintiff's mental impairments not severe at step two of the five

step analysis. In doing so, however, the Administrative Law Judge did not discuss reviewing

psychologist Frances Breslin, Ph.D., who found moderate limitations in Plaintiff's ability to

maintain concentration, persistence, and pace. The Administrative Law Judge also did not discuss

Kathleen Friedland, Ph.D., who found that Plaintiff may have "attention problems" and

difficulties with "complex tasks and instructions." Finally, the Administrative Law Judge did not

discuss the limitations suggested by Paul Berg, Ph.D., who determined that Plaintiff had

"difficulty managing routine affairs . . . poor memory and concentration and the inability to make

decisions." The ALJ's failure to consider these three medical sources constituted legal error.

On remand, the Administrative Law Judge shall examine the record with respect to the

above medical sources and determine whether they should be incorporated in the step two

severity analysis. If they should not be incorporated, the Administrative Law Judge should

explain why. Alternatively, the Administrative Law Judge may incorporate their findings and

continue the analysis using the five step process.

Accordingly, the Court GRANTS Plaintiff's appeal from the administrative decision of

the Commissioner of Social Security and the case is remanded to the Social Security

Administration. The Clerk of the Court is DIRECTED to enter judgment in favor of Plaintiff Max

De Vivo and against Defendant Nancy A. Berryhill, Acting Commissioner of Social Security.

IT IS SO ORDERED.

Dated:   **March 1, 2017**                          /s/ *Erica P. Grosjean*
                                                    UNITED STATES MAGISTRATE JUDGE