# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAX M. DE VIVO,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 1:15-cv-01332-EPG<br><br>**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>(ECF No. 29) |

## I. INTRODUCTION

On May 7, 2018, Monica Perales, Esq., counsel for Plaintiff Max M. De Vivo, filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). (ECF No. 29.) On May 8, 2018, the Court issued a minute order requiring Plaintiff and Defendant to file an opposition to the Motion for Attorney's Fees, if any, by no later than June 11, 2018. (ECF No. 30.) Plaintiff was served with copies of the Motion and the Court's minute order. (Doc. 29 at 11 (certifying that a copy of the Motion was served on Plaintiff); Doc. 30 (directing the Clerk of Court to serve a copy of the minute order on Plaintiff).) On June 14, 2018, Defendant filed a stipulated request to give Defendant additional time to respond to the Motion, which the Court granted. (ECF Nos. 31, 32.) Defendant filed her response to the Motion on June 22, 2018. (ECF No. 33.) Plaintiff's counsel filed her reply in support of the Motion on July 9, 2018. (ECF No. 34.)

For the reasons set forth below, an award of attorney's fees is GRANTED in the amount of $30,250.75, subject to an offset of $4,000.00 in fees already awarded pursuant to the Equal Access to Justice Act ("EAJA") on June 1, 2018 (*see* ECF No. 28).

## II. BACKGROUND

On August 31, 2015, Plaintiff commenced this action for judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. (ECF No. 1.) On February 28, 2017, the Court held a telephonic hearing. (ECF No. 25.) On March 1, 2017, after having heard from the parties and reviewed the record, administrative transcript, briefs of the parties, and applicable law, the Court issued its order granting Plaintiff's appeal from the denial of benefits, remanding the case to the Social Security Administration, and directing that judgment be entered in favor of Plaintiff and against Defendant. (ECF No. 26.)

On May 31, 2017, the parties stipulated to an award of $4,000.00 in attorney's fees and expenses under the EAJA (ECF No. 27), and on June 1, 2017, the Court entered an order pursuant to the terms of the stipulation awarding Plaintiff fees and expenses in the amount of $4,000.00 (ECF No. 28).

On October 27, 2017, the Commissioner issued a Notice of Decision – Fully Favorable, which determined Plaintiff to have been disabled from January 5, 2012, through the date of the decision. (ECF No. 29-2.) The decision also approved the fee agreement between Plaintiff and his counsel as meeting the statutory conditions for approval. (ECF No. 29-2 at 4.)

In a November 20, 2017, notice, the Commission set out benefits to which Plaintiff is entitled (without any deductions or rounding). (ECF 29-3.) The notice did not provide a total amount of past-due benefits, but stated that the Commission would determine the amount of fees Plaintiff's representative can charge (which is in turn based on the total amount of past-due benefits awarded to Plaintiff). (*See id.*) Neither party provided the Court with a notice in which the Commission made the fees determination or stated the total award of past-due benefits. Both parties acknowledge that the maximum Plaintiff's counsel can be awarded in attorney fees is 25% of the total past-due benefits.

In the motion for attorney fees, Plaintiff's counsel calculated total past-due benefits to be $165,349.00, and sought attorney fees in the amount of $41,337.00. (ECF No. 29.) In her response, Defendant stated that past-due benefits due to Plaintiff totaled approximately $127,207.00, making the maximum amount allowable in attorney fees $32,301.75. (ECF Nos. 33 at 2, 33-2 at

2.) Plaintiff's counsel filed a reply in which counsel expressed disagreement with Defendant's representation of the total amount of past-due benefits and maintained that Plaintiff was awarded $165,349.00 in past-due benefits, and that attorney fees should be awarded in the amount of $41,337.25. (ECF No. 34.)

On July 19, 2018, the Court held a hearing on the motion for attorney fees. (*See* ECF No. 35, 36.) Based on the representations made by counsel at the hearing, including representations that there had been an overpayment to Plaintiff of past-due benefits, the Court directed the parties to file supplemental briefing regarding the calculation of attorney fees, and specifically addressing the total amount of past-due benefits awarded to Plaintiff. (*Ibid.*)

On August 31, 2018, the parties have filed a joint supplemental brief in which they explain:

1. The total past due benefits owed to Plaintiff for the period of July 2012 through October 2017 was $129,207.00.
2. It was subsequently determined that Plaintiff was overpaid $12,347.00 in benefits from July 2017 through January 2018, with $8,204.00 of that overpayment represented by past-due benefits.
3. The revised past-due benefits owed to Plaintiff is $121,003.00.

(ECF No. 39.)

Based on this information, Plaintiff's counsel has revised her attorney fees request, and now seeks $30,250.75 in attorney fees, which is the maximum amount she can be awarded under the revised past-due benefits determination. (*Id.*)

### III. DISCUSSION

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides the following:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

3

42 U.S.C. § 406(b)(1)(A) (emphasis added).

"In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). The Commissioner has standing to challenge the award, despite that the section 406(b) attorney's fee award is not paid by the government. *Craig v. Sec'y Dep't of Health & Human Servs.*, 864 F.2d 324, 328 (4th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807. The goal of fee awards under section 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.

The 25% maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (Section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, section 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807; *see also Crawford*, 586 F.3d at 1148 (holding that section 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the

attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Id.* (citing *Gisbrecht*, 535 U.S. at 807-08).

Here, Plaintiff entered into a fee agreement, signed by himself and his counsel, that provides:

> If this matter requires judicial review of any adverse decision of the Social Security Administration, the fee for successful prosecution of this matter is **a separate 25% of the backpay awarded upon reversal of any unfavorable ALJ decision for work before the court**.

(ECF No. 29-1 (emphasis in original).)

The Court has considered the character of counsel's representation of Plaintiff and the results achieved by counsel, which included an award of benefits. Plaintiff's counsel, the Law Offices of Lawrence Rohlfing, indicates it spent 27.1 hours representing Plaintiff before the district court, including 24.0 attorney hours, and 3.1 paralegal hours. (ECF No. 29, Perales Decl.; ECF No. 29-5 (time sheets accounting for 24 attorney hours and 3.1 paralegal hours spent representing Plaintiff before the district court).) This represents an effective hourly rate of $1,116.26. This hourly rate is higher than rates the Ninth Circuit has approved in the past. *See, e.g., Crawford*, 586 F.3d 1142, 1153 (9th Cir. 2009) (explaining that the majority opinion found reasonable effective hourly rates equaling $519, $875, and $902) (J. Clifton, concurring in part and dissenting in part); *see also Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 & n.2 (C.D. Cal. 2000) (noting that "a survey of several dozen cases in which attorney's fees were awarded in social security cases suggests that the 33.75 hours spent by plaintiff's counsel falls within the approved range," and collecting cases).

The Court notes that cases in which high effective hourly rates have been approved generally involve counsel who have voluntarily reduced the fees they seek to recover to significantly less than 25%. *See, e.g., Crawford,* 586 F.3d at 1145-46 (noting that counsel voluntarily reduced the fees they sought to recover to 16.95%, 15.12%, and 13.94% respectively). Similarly, two of the cases cited by Plaintiff's counsel (*see* ECF No. 29 at 5-7) involve significant voluntary reductions in fees. *See, e.g., Palos v. Colvin*, 2016 WL 5110243, at *1-*2 (C.D. Cal. 2016) (counsel sought to recover only $15,000, or 11.13% of past-due benefits); *Jaieson v. Astrue*, 2011 WL 587096, at *1-*2 (E.D. Cal. 2011) (counsel sought to recover only $29,500.00, or 16.83% of past-due benefits).

Two other cases cited by Plaintiff's counsel approved fee awards of the full 25% even though the effective hourly rate was high. In *Kazanjian v. Astrue*, 2011 WL 2847439, at *1 (E.D.N.Y. July 15, 2011), counsel sought fees in the amount of $48,064.00, which represented the full 25% of the $192,256.00 in past-due benefits, resulting in an effective hourly rate of $2,433.62. The court approved the full recovery, noting that the high effective hourly rate was the result of the high level of efficiency, skill, and effectiveness of counsel, and that the plaintiff himself had taken the unusual step of submitting an affidavit in support of the high award of fees to his counsel. *Id.* at *1-*3. In *Thomas v. Colvin*, 2015 WL 1529331, at *3 (E.D. Cal. Apr. 3, 2015), counsel sought fees in the amount of $44,603.50, which represented the full 25% of the $180,866.90 in past-due benefits, and resulted in an effective hourly rate of $1,093.22. *Id.* at *2.

Here, as noted, Plaintiff's counsel is seeking the maximum 25% of past-due benefits, which would result in an award of fees in the amount of $30,250.75 and an effective hourly rate of $1,116.26. This effective hourly rate is higher than rates the Ninth Circuit has approved in the past. However, there is no indication that a reduction of the award is warranted due to any substandard performance by counsel in this matter. Further, counsel secured a successful result for Plaintiff and there is no evidence that counsel engaged in any dilatory conduct resulting in excessive delay. The high effective hourly rate is most likely the result of Plaintiff's counsel's efficiency and effectiveness. Under the circumstances, the Court finds the $30,250.75 to not be excessive in relation to the past-due award.

In making this determination, the Court recognizes the contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms. "District courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Harris v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). Attorneys who agree to represent claimants pursuant to a contingent fee agreement assume the risk of receiving no compensation for their time and effort if the action does not succeed. *Id.* Here, Plaintiff's counsel accepted substantial risk of loss in representing Plaintiff, whose application had already been denied at the administrative level. Plaintiff agreed to the contingent fee. Working efficiently and effectively, Plaintiff's counsel secured a remand and, ultimately, the award of substantial benefits

to Plaintiff.

An award of attorney's fees pursuant to section 406(b) in the amount of $30,250.75 is, therefore, appropriate. An award of section 406(b) fees, however, must be offset by any prior award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. Plaintiff was previously awarded $4,000.00 in fees pursuant to the EAJA; as such, the fee award will be offset by $4,000.00 for a net award of $26,250.75.

**IV. CONCLUSION AND ORDER**

For the reasons stated above, the fees sought by Plaintiff's counsel pursuant to section 406(b), with the adjustments discussed above to account for the revised amount of past-due benefits, are reasonable. Accordingly, IT IS ORDERED that:

1. Plaintiff's counsel's motion for an award of attorney fees pursuant to 42 U.S.C. § 406(b) (ECF No. 29) is GRANTED in the amount of $30,250.75.
2. Plaintiff's counsel is ordered to reimburse Plaintiff $4,000.00 previously paid by Defendant under the Equal Access to Justice Act.
3. Plaintiff's counsel may seek payment of the attorney's fees award from the Commissioner only to the extent the Commissioner has withheld, and continues to withhold, benefits sufficient to satisfy the award. To the extent the Commissioner is no longer withholding past-due benefits, or the amount of withheld benefits is insufficient to satisfy the award, Counsel may seek recovery of fees from Plaintiff.

IT IS SO ORDERED.

Dated: **September 6, 2018**      /s/ Erica P. Grosjean
                                  UNITED STATES MAGISTRATE JUDGE